08-4852-ag
Diallo v. Holder

BIA
Ferris, IJ
A 095 471 348

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand nine.

PRESENT:

      DENNIS JACOBS,
              *Chief Judge,*

      REENA RAGGI,
      PETER W. HALL,
              *Circuit Judges.*

_____

ALPHA AMADOU DIALLO,
    *Petitioner,*

      v.                        08-4852-ag
                                    NAC

ERIC H. HOLDER JR.,[1] U. S. ATTORNEY GENERAL,
    *Respondent.*

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          Matthew J. Harris, Brooklyn, New York.

FOR RESPONDENT:          Michael F. Hertz, Acting Assistant Attorney General, Blair T. O'Connor, Assistant Director, John B. Holt, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alpha Amadou Diallo, a native and citizen of Guinea, seeks review of the September 3, 2008 order of the BIA affirming the June 26, 2006 decision of Immigration Judge ("IJ") Noel Anne Ferris denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alpha Amadou Diallo*, No. A 095 471 348 (B.I.A. Sept. 3, 2008), *aff'g* No. A 095 471 348 (Immig. Ct. N.Y. City June 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without

2

rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions – or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir. 2008).

Substantial evidence supports the IJ's determination that Diallo was not credible. The IJ identified numerous discrepancies between Diallo's testimony and documentary evidence, as well as internal inconsistencies in his testimony, regarding, inter alia, his membership, role in, and knowledge of the Rally for the People of Guinea party; and the location, manner, and consequences of his arrests and interrogations. More generally, the IJ found that Diallo "was not a persuasive witness," insofar as he repeatedly "changed his answers on direct" and "between

3

direct and cross." IJ Op. at 17. Finally, although Diallo offered explanations for certain of these inconsistencies, a reasonable factfinder would not be compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because Diallo's claims for withholding of removal and CAT relief are based on the same factual predicate as his asylum claim, the IJ's properly supported adverse credibility determination defeats all of Diallo's claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4